IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM CHARLES BEVAN,** | * | |
| Appellant, | * | |
| v. | * | Civ. No. DLB-23-1839 |
| **JANET M. NESSE,** | * | |
| Appellee. | * | |

**SHOW CAUSE ORDER**

On July 7, 2023, *pro se* appellant William Charles Bevan filed a notice of appeal of the U.S. Bankruptcy Court for the District of Maryland's June 13, 2023 order converting his Chapter 13 bankruptcy case to a Chapter 7 case. ECF 1, 1-1.[1] His filing includes a statement of issues on appeal and a bankruptcy court docket sheet with the court's June 13 and 14 orders checked. ECF 1-4. On July 10, the Clerk of Court issued a bankruptcy notification letter to the appellant and the appellee that confirmed the bankruptcy appeal had been docketed and instructed that appellant's brief would be due "within thirty (30) days from the date the Designation of Record is docketed." ECF 2. On July 14, the court docketed a transmission of bankruptcy court appeal record that stated the appellant had not provided a designation of record. ECF 3. On July 18, the court docketed the appellee's designation of record, which included the June 13 and 14 orders and several other documents. ECF 3.

---

[1] Bevan notified this court that he was appealing "all judgements [sic] made by the [bankruptcy] court on this case 6/13/23," but he attached only one June 13 order and the bankruptcy court docket lists only one order on that day. ECF 1, 1-1, 1-4. Bevan also attached the bankruptcy court's June 14, 2023 orders denying motion to enforce confirmation plan and denying motion to reenter property. ECF 1-2, 1-3.

Bevan was required to comply with Bankruptcy Rule 8018(a)(1), which provides that "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). Under this rule, the deadline for filing an appeal brief was August 13, 2023. Even reading the rule generously and starting the clock when the appellee's designation of record was filed, the deadline for filing a brief was August 17, 2023. Bevan did not file a brief, and the time for doing so has passed. *See id*. Rule 8018 further states that if an appellant fails to file a brief on time, this Court "after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4). Local Rule 404.3 provides that if an appellant fails to "file a brief within the time required by Bankruptcy Rule 8018, the District Court may . . . upon its own initiative, dismiss the appeal after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties." Loc. R. 404.3 (D. Md. 2021); *see Reid v. Cohen*, No. PWG-19-752, 2020 WL 886181, at *2 (D. Md. Feb. 24, 2020); *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992) (identifying four factors the district court must weigh before dismissing bankruptcy appeal for failure to abide by procedural requirements).

Accordingly, it is this 2nd day of April, 2024, hereby ORDERED that Bevan shall submit a letter by April 23, 2024 explaining why he should be excused for failure to comply with Rule 8018 and why this failure to comply with the rules does not provide a basis for dismissal of the appeal. A failure to respond to this Show Cause Order will result in dismissal of the notice of appeal without further notice, and the Court will close this case.

                                                                                              Deborah L. Boardman
                                                                                             United States District Judge